

# NUMBER 13-21-00167-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

STEPHEN PRUSKI,                                                     **Appellant,**

**v.**

TEXAS WINDSTORM
INSURANCE ASSOCIATION,                                    **Appellee.**

---

## ON APPEAL FROM THE 117TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña[1]**
**Memorandum Opinion by Justice Silva**

This cause is before the Court on pro se appellant Stephen Pruski's motion to dismiss the appeal.

---

[1] This appeal was originally decided by a panel of this Court on February 23, 2023. *Pruski v. Tex. Windstorm Ins. Ass'n*, 667 S.W.3d 460 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2023). The Honorable Nora Longoria was an original member of the panel on submission; however, she did not participate in this decision because her term of office expired on December 31, 2024.

This case has a lengthy procedural history. Pruski sued appellee Texas Windstorm Insurance Association (TWIA) complaining that TWIA "improperly denied portions of [his] claim for damages from Hurricane Harvey." *See* TEX. INS. CODE ANN. §§ 2210.001–.705. TWIA filed a traditional motion for summary judgment, which the trial court granted and ordered that Pruski take nothing from TWIA. Pruski appealed, raising four issues challenging the trial court's judgment. Among other things, Pruski challenged the presiding judge's authority to preside over his lawsuit because the judge was never appointed by the Judicial Panel on Multidistrict Litigation in accordance with § 2210.575(e) of the insurance code. *See id.* § 2210.575(e). This Court sustained the issue, reversed the trial court's judgment, and remanded the case to the trial court. *See Pruski v. Tex. Windstorm Ins. Ass'n*, 667 S.W.3d 460, 461–67 (Tex. App.—Corpus Christi–Edinburg, 2023), *rev'd and remanded*, 689 S.W.3d 887 (Tex. 2024). Subsequently, the Texas Supreme Court reversed this Court's judgment and remanded the case to this Court for further proceedings. *See Tex. Windstorm Ins. Ass'n*, 689 S.W.3d at 893.

After mandate issued by the Texas Supreme Court, Pruski filed his motion to dismiss appeal. In said motion, Pruski states that "[t]his controversy has settled" and he requests this Court to dismiss this appeal in accordance with Rule 42.1(a)(1) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.1(a)(1). We commend the parties for settling the controversy formerly at issue in this case.

The Court, having considered Pruski's motion to dismiss appeal, is of the opinion that the motion should be granted. *See Id.* (allowing the Court to dismiss an appeal "[i]n

accordance with a motion of appellant"). Accordingly, we grant Pruski's motion, and the appeal is hereby dismissed. The costs are taxed against Pruski. *See id*. R. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at Pruski's request, no motion for rehearing will be entertained.

CLARISSA SILVA
Justice

Delivered and filed on the
27th day of January, 2026.